## Alphonse Rose v. John Vertin.

*Bishop not liable for payment of priest's salary.*

A bishop is not liable for the salary of a priest whom he has engaged; they are fellow servants of the church for which the bishop acts merely as a superior agent, and not as a principal.

Error to Marquette. Submitted June 24. Decided June 29.

Assumpsit. Plaintiff brings error. Affirmed.

*F. O. Clark* for plaintiff in error. A minister seized of parsonage lands in the right of the parish is a sole corporation for this purpose: Ang. & Ames on Corporations § 27; *Brunswick v. Dunning* 7 Mass. 447; *Weston v. Hunt* 2 Mass. 501.

*W. P. Healy* for defendant in error. The local congregations in Illinois and Iowa are incorporated under the State laws: *St. Patrick's Roman Catholic Church v. Abst* 76 Ill. 252; *Hubbard v. German Catholic Congregation* 34 Iowa 31; where there is no corporation those who deal with the church must trust to the good faith of the members: *Meth. Church of Newark v. Clark* 41 Mich. 737; the support of priests is a duty of the congregation: *O'Hara v. Stack* 90 Penn. St. 491.

GRAVES, J.  The plaintiff sued in character of assignee and owner of a claim of Joseph F. Bernbe for $300 on account of services by said Bernbe as a priest in the now diocese of defendant.  A verdict in defendant's favor was ordered by the court.  Bernbe was placed in duty as an officiating priest by defendant's predecessor, Bishop Mrack, and the entire claim in suit arose during that bishop's time and before the defendant came in.  The main facts in the case are undisputed and the only question is concerning their effect, and in my opinion they show distinctly that the relation between Bishop Mrack and the priest was never that of hirer and hired in any sense implying an obligation on the bishop to pay the priest.  The bishop was the priest's superior and according to the established order of things in the economy of the church government, regulating the degrees of subordination and the methods of administration, it was the province of the bishop to designate the place for the priest to exercise his functions, and prescribe under certain limitations the rules and precepts for his guidance and control.  But both were common servants of the church, and the service of the priest was not a service for the bishop, nor was the bishop in respect to the employment a principal. In the course of administration the bishop assigned the priest to a theater of duty and gave him certain rules and instructions, and it was manifestly understood on both sides that the bishop was not to be responsible in law for the salary. On the contrary the conclusion from the facts is unavoidable that the council of the congregation, on whom the diocesan regulations cast the duty to provide support for the clergy, were wholly trusted to supply the necessary means to pay the plaintiff's assignor.  It was surely competent for Bernbe to serve in reliance on that resource and run the risk of failure and there is no doubt that he did so.  Exactly similar arrangements are taking place every day.  Men are constantly going into positions under appointment by superior agents and where no liability for compensation rests on the employing agent and the means of payment, if they come at all, are to come from another source.

Cases of illustration are infinite. They abound in business operations, and marked instances may be seen in the great missionary enterprises which are carried on. No one supposes the existence of a legal liability on the part of the appointing agency.

This view decides the case and makes it unnecessary to discuss the question whether in any event the present bishop could be held as the successor of Bishop Mrack.

The judgment is affirmed with costs.

The other Justices concurred.