WALTER FAIRCHILD, Plaintiff, *v.* JOHN TILLOTSON and Others, as and Constituting the Board of Trustees of First Church of Christ, Scientist, New York City, and FIRST CHURCH OF CHRIST, SCIENTIST, NEW YORK CITY, Defendants.

Supreme Court, New York Special Term, May, 1922.

Churches — expulsion of member from Christian Science church — proper by-law — power of trustees of religious corporation — Religious Corporations Law, § 5.

The proper church judicatory of an ecclesiastical body in which one holds membership and under whose tutelage one exercises religious functions is the proper forum for determination of questions affecting the objects and interests of the moral and spiritual side of ecclesiastical discipline.

Plaintiff was expelled from membership in the First Church of Christ, Scientist, New York city, pursuant to a by-law adopted in October, 1921, and reading as follows: "Any member of this church who is found, after a hearing, to be a loyal student, follower, supporter or adherent of one who has been expelled from membership in the mother church by the Christian Science board of directors may be dropped from membership in the church by a two-thirds vote of the board of trustees.  *  *  *  Under this section of the by-laws no admonition shall be necessary." The complaint in an action against the church and its trustees to compel plaintiff's restoration to membership alleged that the procurement of the passage of said by-law was not in good faith but was a mere subterfuge upon which to predicate charges of conduct not theretofore deemed as prejudicial to the church, and that said by-law, because of its retroactive and *ex post facto* features so far as his conduct was concerned, was void and of no effect. *Held*, that said by-law was fully authorized by section 5 of the Religious Corporations Law, was adapted to a proper restraint of the orthodoxy of plaintiff, whose relations, rights and obligations as a member of the defendant may only be determined according to the by-laws and procedure enacted by defendant, and its motion for judgment on the pleadings will be granted.

MOTION for judgment on the pleadings.

*Walter Fairchild*, for plaintiff.

*Meier Steinbrink*, for defendants.

MCAVOY, J. The defendants have expelled plaintiff from membership in the defendant church pursuant to a by-law adopted in October, 1921, which was an amendment to the formerly existing canons of the church's government. It reads: " Any member of this church who is found, after a hearing, to be a loyal student, follower, supporter or adherent of one who has been expelled from membership in the mother church by the Christian Science board of directors may be dropped from membership in the church by a two-thirds vote of the board of trustees.  *  *  *  Under this

section of the by-laws no admonition shall be necessary." Plaintiff charges that the procurement of the passage of said by-law was not in good faith, was a mere subterfuge upon which to predicate charges of conduct theretofore not deemed as prejudicial to the discipline of the church, and that, as to him, the said by-law is void and of no effect because of its retroactive and *ex post facto* features in so far as his conduct is concerned. The Religious Corporations Law (§ 5) gives power to the trustees of a religious corporation to adopt by-laws or amend the same by a two-thirds vote of the qualified voters present and voting at the meeting for incorporation or at any subsequent meeting after written notice embodying such by-laws or amendment as has been openly given at a previous meeting and also in the notices of the meeting at which such proposed by-laws or amendment is to be acted upon. The by-laws thus adopted or amended control the action of the trustees. That such by-laws of a religious corporation, or in fact of any membership corporation, may reasonably regulate the conduct of its members and provide for suspension or expulsion in case of violation thereof is unquestionably the rule, and especially is this true in matters of discipline, ecclesiastical rules, laws and customs of church government. A person joining any legally organized body, with power to make laws and rules for its own government and for the regulation of the conduct of its members, becomes bound by those laws and rules, and a decision by that body proceeding according to judicial forms touching his rights or relations as a member is binding upon the courts. The proper church judicatory of an ecclesiastical body in which one holds membership and under whose tutelage one exercises religious functions is the proper forum for determination of questions affecting the objects and interests of the moral and spiritual side of ecclesiastical discipline. Of the things exclusively temporal and material, unless dependent upon questions of doctrine, a civil tribunal may take jurisdiction to enforce and determine such rights. The courts of this country do not differ nor rule contrariwise in other jurisdictions. *Stack* v. *O'Hara*, 98 Penn. St. 213; *Rose* v. *Vertin*, 46 Mich. 457; *Chase* v. *Cheney*, 58 Ill. 509. It would, therefore, be incumbent upon plaintiff to allege in his complaint facts from which it could be reasonably deduced that the by-law was unreasonable, not adapted to the purposes of the corporation or contrary to or inconsistent with the laws of the state or in violation of general law or public policy. This he fails to do. That a wiser, more humane or fraternal spirit and course might have been pursued cannot be ground upon which jurisdiction may grow. A member of a corporation hedges himself in by his agree-

ment to be governed by its charter and by-laws, so as to yield the protection which one seeks in the ordinary affairs of life, and enlarges the authority that may be used against him. *People* v. *N. Y. Cotton Exchange*, 8 Hun, 216. I think the by-law under consideration is fully authorized by the defendant's corporate powers and is adapted to a proper exercise of restraint of the member's orthodoxy, and while plaintiff can insist that his civil and property rights as an individual or citizen shall be determined according to the law of the land, his relations, rights and obligations arising from his position as a member of this religious body may only be determined according to the laws and procedure enacted by that body. Motion by the defendants for judgment on the pleadings granted.

Ordered accordingly.